IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                      OPINION AND ORDER

        Plaintiff,

                                      08-cv-219-bbc
                                      04-cr-162-jcs

        v.

MONCLAIR HENDERSON-EL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Monclair Henderson-El filed a motion for post conviction relief under 28 U.S.C. § 2255 on April 17, 2008.  He alleged six grounds for finding his conviction and sentence illegal:  (1) he pleaded guilty to count four of the indictment, which did not charge an offense against the United States; (2) his counsel was ineffective for not challenging count four as failing to charge an offense; (3) the United States Attorney committed prosecutorial misconduct when he charged defendant with possession to deliver a controlled substance, rather than the correct crime, which was possession with intent to distribute; (4) the court failed to advise him of the nature of the charges to which he was pleading guilty; (5) his counsel was ineffective because he failed to advise defendant of the actual amount of cocaine

1

base to which he was pleading guilty; and (6) his counsel gave defendant ineffective assistance at sentencing when he withdrew his objection to the government's claim that all the drugs for which defendant was held accountable were cocaine base.

In an order signed on May 12, 2008, I denied defendant's motion on the ground that he was barred from raising these grounds in a motion for post conviction relief because he had not raised them on direct appeal. This was error, because one of the four claims I considered in the May 12 order was a claim of ineffectiveness of counsel. Ordinarily, such a claim *must* be brought in a post conviction motion rather than on direct appeal, because it will involve facts outside the record. Massaro v. United States, 538 U.S. 500 (2003). After defendant appealed the denial of his post conviction motion, the court of appeals remanded the motion to this court for further proceedings.

On remand, I am reconsidering the four claims that I denied in the May 12 order and taking up two additional claims of ineffectiveness that I overlooked at that time. It is still the case that this court cannot hear three of the claims because defendant could have raised them on direct appeal and failed to do so. "An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (citing Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.

1989), and Reed v. Farley, 512 U.S. 339, 354 (1994)). Defendant has not shown either good cause or actual prejudice for not raising these claims on direct appeal.

Even if defendant could raise his claims (1), (3) and (4) in this motion, they would have to be dismissed for lack of merit. The first two rest on the wording of count four of the indictment, which charged defendant with the crime of possession with intent to *deliver* a controlled substance, rather than the correct crime, which was possession with intent to *distribute* a controlled substance. He argues that because the indictment did not track the exact wording of the crime, he pleaded guilty to an offense that is not prohibited by federal law (claim (1)). He believes as well that the United States Attorney committed prosecutorial misconduct when he charged the crime as he did (claim 3)).

The substitution of the word deliver for distribute is not a substantive defect. The difference between the two terms is negligible; it did not affect any right of defendant and can be disregarded. Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). See also United States v. Macedo, 406 F.3d 778, 785 (7th Cir. 2005) (error in indictment that does not go to element of crime but is typographical in nature affords defendant proper notice of charges and does not prejudice him).

In claim (4), defendant alleges that the court failed to advise him of the nature of the charges to which he was pleading guilty. Like claims (1) and (3), this claim cannot be heard

3

in this post conviction motion because defendant had a chance to raise it on direct appeal, did not do so and has not shown cause and prejudice for his failure.  In any event, the transcript of the plea hearing shows that both the court and the government went over the elements of the crime with him.  Plea Hrg. Trans., dkt. #77.

I turn then to the three claims that allege ineffectiveness of counsel, starting with claim (2), in which defendant alleges that his counsel was ineffective in not challenging the variance in the indictment.  To make out a viable claim of constitutionally ineffective counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that the ineffectiveness prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).   As I have explained, the minor discrepancy in wording in the indictment did not affect any substantive rights of defendant; therefore, counsel's failure to challenge it cannot be said to have prejudiced defendant.

Defendant's fifth claim raises interesting questions. Although defendant did not raise any issue of ineffectiveness of counsel on direct appeal, the issues he did raise go to the merits of his claim of ineffectiveness. Defendant contends that his counsel was ineffective because he failed to advise defendant of the actual amount of cocaine base to which he was pleading guilty.  He alleges that counsel led him to understand that he was pleading guilty to 534 grams of cocaine base and says that he would never have pleaded guilty had he known he would be held responsible for 1.9 kilograms.  He does not say that he wants to withdraw

4

his plea.

On direct appeal, the court of appeals considered whether defendant could argue that the government had breached the plea agreement by agreeing with the probation office that defendant was responsible for 1.9 kilograms. According to the plea agreement, defendant agreed that the United States could prove beyond a reasonable doubt that his total offense level involved at least 500 but less than 1.5 kilograms of cocaine base. The court of appeals found it evident from this language that the government was not foreclosed from trying to prove more cocaine base even over defendant's objections. United States v. Roberson, 204 Fed. Appx. 642, 647 (7th Cir. 2006). As the court pointed out, at the plea hearing, the government told the sentencing court that it considered the amount of crack specified in the plea agreement a "floor" and anticipated that the district court might well find the amount attributable to defendant to be above 1.5 kilograms. Id.

The court of appeals then considered whether defendant could argue that his guilty plea was involuntary because he did not understand how much cocaine base he was admitting to, but rejected this possible argument on the ground that defendant had never said he wanted to withdraw his plea. The court added that a challenge to the plea would be frivolous because the court had complied substantially with Fed. R. Crim. P. 11(b) in taking the plea.

In a real sense, the court of appeals has decided defendant's claim (5) of

ineffectiveness, although it did not do explicitly. Even if I assume that counsel failed to advise his client properly, defendant has not shown that he was prejudiced. Indeed, he is foreclosed from making such a showing by the court of appeals' opinion. His only prejudice would have been entering a plea involuntarily because of the inadequate advice his counsel gave him, but the court has decided that his plea was not involuntary and, in any event, he cannot challenge the voluntariness of his plea unless he asks to have it set aside. He has not made such a request.

Defendant's sixth claim is that his counsel gave him ineffective assistance at sentencing when he withdrew his objection to the government's claim that all the drugs for which defendant was held accountable were cocaine base. As with the fifth claim, this claim fails because defendant cannot show how he was prejudiced by counsel's action. As the court of appeals noted, defendant withdrew the objection when the government proposed to call two experts at sentencing to testify that the cocaine base charged against defendant was crack cocaine. Defendant has offered no reason to believe that the two experts would not have persuaded the court that the cocaine in his possession was the crack form of cocaine base. Roberson, 207 Fed. Appx. at 647. It is not ineffective assistance to withdraw a frivolous objection.

6

ORDER

IT IS ORDERED that defendant Monclair Henderson-El's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 24th day of March, 2009.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge