IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                ORDER

      Plaintiff,

                08-cv-219-bbc
                04-cr-162-jcs

  v.

MONCLAIR HENDERSON-EL,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 17, 2008, defendant Monclair Henderson-El filed a motion for post-conviction relief under 28 U.S.C. § 2255, alleging six grounds for finding his conviction and sentence illegal.  In an order entered on May 12, 2008, I denied defendant's motion on the ground that he was barred from raising his claims in a motion for post-conviction relief because he had not raised them on direct appeal.  Defendant appealed and the court of appeals remanded the case because one of the four claims defendant alleged was ineffectiveness of counsel which *must* be brought in a post conviction motion rather than on direct appeal.  On remand, I reconsidered the four claims that I denied in the May 12, 2008 order and took up the additional claims of ineffectiveness that I had overlooked in

1

defendant's § 2255 motion. In an order dated March 24, 2009, I ruled that it was still the case that this court cannot hear three of defendant's claims because he could have raised them on direct appeal and failed to do so. I then went on to consider defendant's claims of ineffectiveness of counsel in which defendant alleged that his counsel was ineffective in three respects: 1) he failed to challenge the variance in the indictment; 2) he failed to advise defendant of the actual amount of cocaine base to which he was pleading guilty; and (3) he withdrew defendant's objection to the government's claim that all the drugs for which defendant was held accountable were cocaine base. In the March 24, 2009, order I discussed in detail why each of the three claims did not constitute ineffectiveness of counsel and why in any event defendant could not show that he was prejudiced by his counsel's actions.

Now defendant has filed a Motion to Supplement Pending Application for a Certificate of Appealability from the judgment entered in this case on March 24, 2009. The court has no record of defendant filing a notice of appeal or a request for a certificate of appealability from the March 24, 2009 judgment dismissing his § 2255 motion. Therefore, the court will construe defendant's motion as including a notice of appeal and request for a certificate of appealability from the March 24, 2009 order. Additionally, defendant has not paid the $455 fee that is required if he is to take an appeal from the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I will also construe defendant's motion as including a request for leave to proceed <u>in forma pauperis</u> on appeal

2

pursuant to 28 U.S.C. § 1915.

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel during the criminal proceedings against him and I do not intend to certify that his appeal is not taken in good faith. Defendant's challenge to his sentence is not wholly frivolous. A reasonable person could suppose that it has some merit. Cf. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Therefore, I will grant him leave to proceed on appeal in forma pauperis.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

3

In his submission, defendant says he wants to appeal the denial of his claims raised in his initial motion which were properly dismissed in the March 12, 2009 order because they could have been raised on direct appeal. It is still the case that this court cannot hear those claims because defendant could have raised them on direct appeal and failed to do so. Therefore, I will not issue a certificate of appealability as to those claims. Defendant also wishes to appeal those claims of ineffectiveness assistance of counsel that were denied in the March 24, 2009 order. I explained in that order why counsel's representation did not fall below an objective standard of reasonableness that prejudiced defendant. I find as well that those issues do not meet the demanding standard for the issuance of a certificate of appealability.

ORDER

IT IS ORDERED that defendant Monclair Henderson-El's request for leave to proceed in forma pauperis on appeal is GRANTED; his request for a certificate of appealability is DENIED.

Entered this 23d day of April, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4